IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02793–KMT–MJW

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
as subrogee of Coffee Holding, Inc.,

    Plaintiff,

v.

BASSETT CONSTRUCTION CO.,
HURTIG, GARDNER, FROELICH ARCHITECTS, INC., and
LORIN KILSTOFTE,

    Defendants.

## **ORDER**

    This matter is before the court on "Defendant Kilstofte's Motion for Summary Judgment to Dismiss Complaint and Cross-Claim for Failure to File a Certificate of Review" (Doc. No. 30 [hereinafter "Mot. Summ. J."] [filed May 22, 2009]) and "Defendant Kilstofte's Motion to Strike Certificate of Review" (Doc. No. 38 [hereinafter "Mot. Strike"] [filed May 29, 2009].)

### **PROCEDURAL HISTORY**

    Defendant Kilstofte filed his motion for summary judgment on May, 2009, based on Plaintiff's failure to file a certificate of review pursuant to Colo. Rev. Stat. § 13–20–602. (Mot. Summ. J.) Defendant Hurtig, Gardner, Froelich, Architects, Inc. ("HGF") filed their joinder in the motion for summary judgment on May 28, 2009. (Doc. No. 34.) On May 28, 2009, Plaintiff filed two separate certificates of review regarding the alleged negligence of Defendant Kilstofte

and Defendant HGF. (Doc. Nos. 36, 37.) On May 29, 2009, Defendant Kilstofte filed his motion to strike the certificates of review (Mot. Strike), and Defendant HGF filed a joinder in the motion to strike on June 1, 2009 (Doc. No. 39). On June 10, 2009, Plaintiff filed its response to the motion for summary judgment (Doc. No. 41 [hereinafter "Resp. Mot. Summ. J."]), and on June 11, 2009, Plaintiff filed its response to the motion to strike (Doc. No. 44 [hereinafter "Resp. Mot. Strike"]). Defendant filed its reply in support of the motion for summary judgment (Doc. No. 47 [hereinafter "Reply Mot. Summ. J."]) and its reply in support of the motion to strike (Doc. No. 46 [hereinafter "Reply Mot. Strike"]) on June 26, 2009. Defendant HGF also filed joinders in the replies on June 26, 2009. (Doc. Nos. 48, 49.) The court has concluded that oral argument would not be beneficial and, therefore, the motions are ripe for review and ruling.

## BACKGROUND

Plaintiff filed its Complaint on December 23, 2008. (Compl.) According to the Complaint, Defendants HGF were hired to design a renovation of a commercial building in La Junta, Colorado. (Compl., ¶¶ 10–15.) HGF allegedly submitted its plans for the renovation to Defendant Kilstofte, a structural engineer, for his review and comment. (*Id.*, ¶¶ 18, 20.) The renovation of the building involved the addition of an abutting structure with a higher roofline than the original structure. (*Id.*, ¶¶ 23-25.) Eventually, after the renovation, an accumulation of snow occurred at the place where the two rooflines met, and the roof failed. (*Id.*, ¶¶34–35.)

Plaintiff, as subrogee of the building's tenant, brought suit against the builder, HGF, and Kilstofte. (*Id.*, ¶¶ 12, 13, 17, 21, 28–31 33, 38–39.) The Complaint alleges, among other claims,

negligence against all defendants. (*Id.*, ¶¶ 40–53.) HGF has filed cross-claims against Kilstofte. (Doc. No. 9 at 5–8.)

## ANALYSIS

*1.     Motion to Strike*

Colorado law provides that:

> In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party . . . within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown . . . .

Colo. Rev. Stat. § 13–20–602(1)(a). "The statute applies to all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the duty." *Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992). "The purpose of a certificate of review is to demonstrate that the plaintiff has consulted a person who has expertise and that such person has concluded that the plaintiff's claim is meritorious." *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 628 (Colo. 1999).

It is undisputed that because Plaintiff's claims are based in part on the alleged professional negligence of licensed professionals and that, as such, Plaintiff was required to file certificates of review regarding its actions against HGF and Kilstofte within sixty days after serving those parties with the Complaint. There is also no dispute that the certificates of review

were not filed within the time period specified under Colo. Rev. Stat. § 13–20–602(1)(a). Defendant HGF was served on December 30, 2008. (Doc. No. 5.) Defendant Kilstofte was served with the Complaint on January 23, 2009. (Mot. Summ. J. At 6.) The certificates of review as to these defendants should have been filed no later than March 2, 2009, and March 24, 2009, respectively. Defendants argue that the certificates of review fail to comply with the statutory requirements. (Mot. Strike at 2, ¶ 7; 3, ¶ 7.) Defendants also object to Plaintiff's untimely filing of its certificates of review. (*Id.* at 2, ¶¶ 3–6.) The court addresses these arguments in turn.

### A.     *Contents of Certificates of Review*

To fulfill the requirements of Colo. Rev. Stat. 13–20–602, a certificate of review shall declare:

(I)   That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and

(II)  That the professional who has been consulted . . . has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification . . . .

Colo. Rev. Stat. § 13–20–602(3)(a). In any action against any professional other than a physician, the certificate of review shall declare "that the person consulted can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent to express an opinion as to the negligent conduct alleged." Colo. Rev. Stat. § 13–20–602(3)(c). "The failure to file a certificate of review in accordance with this

section shall result in the dismissal of the complaint, counterclaim, or cross claim." Colo. Rev. Stat. § 13-20-602(4).

In his motion to strike, Defendant Kilstofte argues that Plaintiff's certificate of review in regard to Kilstofte is deficient because it does not comply with the requirements set forth in Colo. Rev. Stat. § 13–20–602(3)(c). (Mot. Strike, ¶ 7.) Plaintiff, in response to the motion for summary judgment, filed extensive documentation regarding the experts it consulted related to the certificates of review, including deposition testimony, a site survey agreement, affidavits, and curriculum vitae. (Resp., Exs. 1–9.) Although affidavits and other documents do not substitute for the required contents of a certificate of review, *see Martinez v. Garcia*, 59 F. Supp. 2d 1097, 1099 (D. Colo. 1999), the court, in its discretion, may verify the content of the certificate of review. *See* Colo. Rev. Stat. § 13–20–602(3)(b). Whether the experts meet the requirements of § 602(3)(c) is a matter of the court's discretion. *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 83 (Colo. 2001). Upon review of these documents, the court finds that, though Plaintiff did not declare the competency of the experts consulted, as required by Colo. Rev. Stat. § 13–20–602(3)(a), the experts have the requisite training, education, knowledge, and experience, to enable them to express opinions as to the negligent conduct alleged, rendering the failure to so specifically state harmless.

### A.     *Untimely Certificates of Review*

Plaintiff can avoid dismissal of its negligence claims only by demonstrating that good cause exists for his failure to file a certificate of review within the time allowed by state law. *See Martinez v. Badis*, 842 P.2d at 251. To determine whether good cause exists, the court must

consider "(1) whether the neglect causing the late filing was excusable; (2) whether the moving party had alleged a meritorious defense or claim; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party." *Yadon v. Southward*, 64 P.3d 909, 913 (Colo. App. 2002).  Although the "failure to satisfy any one of the three criteria" can demonstrate a lack of good cause, the court "must consider all three criteria because evidence relating to one factor may shed light on another." *Id.*  "In determining whether good cause exists, the trial court should be guided by the general rule favoring resolution of disputes on their merits."  *RMB Sevs., Inc. v. Truhlar*, 151 P.3d 673, 676 (Colo. App. 2006) (citing cases).

Defendant Kilstofte argues that Plaintiff has failed to show good cause for its failure to timely file the certificates of review.  (Reply Mot. Strike, ¶ 5.)  Plaintiff states that its attorney "inadvertently failed to file[] a certificate of review . . . ."  (Resp. Mot. Summ. J. at 11.)  Plaintiff concedes that "'common carelessness and negligence are generally not considered excusable neglect.'" (*Id.*) (quoting *Hane v. Jabalera*, 899 P.2d 332, 335 (Colo. App. 1995).  However, Plaintiff argues that he "secured the information necessary to prepare those certificates" prior to filing the Complaint.  (*Id.*)  Plaintiff states that he "acted consistently with the purpose of 13–20–602 by consulting with experts in the area of alleged negligent conduct and verifying that the claims against HGF Architects and Mr. Kilstofte were not frivolous."  (*Id.*)

In his motion to strike, Defendant Kilstofte does not present argument on the remaining two factors to be analyzed by the court in determining whether good cause exists for Plaintiff's failure to file a certificate of review within the time allowed by state law.  However, the court

finds, taking all of Plaintiff's well-pleaded facts as true, that the Plaintiff has stated facially meritorious claims. In addition, there has been no demonstration of prejudice to the Defendants that would result from the late filing of its certificates of review. Discovery is in its early stages, and no trial date has been set, and Plaintiff undertook the required expert review before the case was filed. Accordingly, based on the foregoing and considering all three factors, this court concludes that Plaintiff has established good cause for the late filing of its certificate of review.

Therefore, it is

**ORDERED** that

1. "Defendant Kilstofte's Motion to Strike Certificate of Review" (Doc. No. 38) and Defendant HGF's Joinder in the motion to strike(Doc. No. 39) are DENIED; and

2. "Defendant Kilstofte's Motion for Summary Judgment to Dismiss Complaint and Cross-Claim for Failure to File a Certificate of Review" (Doc. No. 30) and Defendant HGF's Joinder in the motion for summary judgment(Doc. No. 34) are DENIED as moot.

Dated this 20th day of August, 2009.

                                                **BY THE COURT:**

                                                Kathleen M. Tafoya
                                                United States Magistrate Judge